## Case No. 25.

### The A. CHEESEBROUGH.

[3 Blatchf. 305.][1]

Circuit Court, S. D. New York. Sept. 1855.

SHIPPING—AFFREIGHTMENT—PRINCIPAL AND AGENT.

1. Where a broker, in fact as agent of the owner of lumber, but in his own name, contracted to have it shipped at a specified freight, but, when the time came for shipping it, refused to ship it in his own name, or to be responsible for the freight: *Held*, that the owner of the vessel had a right to refuse to receive the lumber, and that no action would lie against him, to recover any increased freight which was paid on shipping the lumber by another vessel.

2. Nor could the broker, if he acted simply as agent, in making the contract, maintain such action in his own name.

In admiralty. This was a libel in rem, filed in the district court by Francis D. Fowler and another, against the ship A. Cheesebrough, to recover damages for the breach of a contract of affreightment. After a decree in that court dismissing the libel, the libellants appealed to this court. [Affirmed.]

William M. Evarts, for libellants.
Charles Donohue, for claimant.

NELSON, Circuit Justice. The libel in this case was filed for a breach of a contract of affreightment of a quantity of lumber, from New York to San Francisco, in the fall of 1852; and seeks to recover the

[1][Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

difference between the price contracted for with the owner of the ship, and the price the libellants were obliged to pay to another vessel for the transportation, after the master of the A. Cheesebrough had refused to receive the cargo. The contract price was $33 per thousand feet, superficial measure. The price paid to the owner of the other vessel was $50 per thousand—freight, in the mean time, having risen greatly, for the transportation of lumber to San Francisco, in consequence of the great fire at the city of Sacramento. The court below dismissed the libel, on the ground that the libellants had no interest in the suit, or in the subject matter in controversy. The libellants' firm was engaged in the commission and brokerage business connected with ships and shipping, and acted as agents of Ford, the owner of the lumber, in making the contract of affreightment with the agent of the A. Cheesebrough. They had no interest, therefore, in the subject matter of the suit, according to this view, and it should have been brought in the name of Ford, the principal.

It is insisted, however, that the contract was made in their names; that this is averred in the libel, and is not denied in the answer; and that the suit may, therefore, be maintained in their names, for the benefit of their principal. Admitting this to be so, still, I think, it would not help the libellants. They refused to ship the lumber in their own names, and be responsible for the freight; but insisted that it should be shipped in the name of Ford, the owner. This was one of the grounds of dispute between the parties, and one which arose early, as testified to by a witness for the libellants, and arose, also, in connection with the objection that the lumber was of an inferior quality, and might not be a sufficient security for the freight. It was supposed, on the argument, that this was not one of the objections to the receiving of the lumber on board of the ship, in the correspondence that took place between the parties, and in which each sought to put the other in fault. But I think this is a mistake. The shipment in the names of the libellants was there insisted upon, as well as the inferiority of the article.

The position of the libellants is somewhat singular. They insist, that the contract was in their own names, and not as agents, for the purpose of maintaining the suit for an alleged breach of it; but that they had a right to ship the lumber in the name of their principal, and thus avoid any personal responsibility, as it respects the payment of the freight.

In either aspect of the case, I think that the decree of the court below is right. If they acted simply as agents, then they have no interest in the subject matter of the suit, and cannot maintain it. If the contract was made in their own names, and

not as agents, then their refusal to ship in their own names, and their insisting upon the use of the name of Ford, their principal, furnishes a sufficient excuse for the conduct of the owner of the vessel. He had a right to reject the tender of the lumber at the ship's side. The decree of the court below is affirmed.